UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., <br> KENNETH MICHAEL KEY <br><br> Petitioner, <br><br> vs. <br><br> MARCUS HARDY, Warden, <br> Stateville Correctional Center <br><br> Respondent. | 10 C 7362 |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on two motions. Respondent Marcus Hardy ("Hardy") has filed a motion to dismiss the petition for a writ of habeas corpus submitted by Petitioner Kenneth Michael Key ("Key"). Additionally, Key has filed a motion for appointment of counsel. For the reasons set forth below, the motion to dismiss is granted and the motion for appointment of counsel is denied as moot.

## BACKGROUND

After a bench trial in the Circuit Court of Cook County, Key was convicted of armed robbery and sexual assault on May 29, 2002. *People v. Key*, No. 1-02-3358 slip. op. at 12 (Ill. App. Ct. Jan. 31, 2005). On September 12, 2002, the trial court imposed

a sentence of natural life imprisonment. *Id*. Key appealed his conviction and the Illinois Appellate Court affirmed on January 31, 2005. *Id*. at 43. Key did not file a petition for leave to appeal ("PLA") his conviction with the Illinois Supreme Court.

Key filed a pro se post-conviction petition with the Circuit Court of Cook County on November 15, 2005.[1] The trial court dismissed the petition on January 6, 2006. Key appealed the decision and the Illinois Appellate Court affirmed the trial court's dismissal of Key's petition on July 6, 2007. *People v. Key*, No. 1-06-0488, slip. op. at 8 (Ill. App. Ct. Jul. 6, 2007). Key filed a PLA with the Illinois Supreme Court which was denied on September 30, 2009.

On November 10, 2010, Key mailed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Hardy now moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1).

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas

---

[1] Key signed his post-conviction petition on November 15, 2005; we will assume for purposes of Hardy's motion that Key actually filed his post-conviction petition on that date.

[2] Federal courts use the mailbox rule to determine the filing date in assessing the timeliness of pro se habeas petitions. *Jones v. Bertrand*, 171 F.3d 499, 500-502 (7th Cir. 1999).

corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period begins upon the latest of the following: (a) the date the judgment became final or the expiration of time for seeking direct review; (b) the date on which an impediment to filing created by state action in violation of the United States Constitution or laws is removed; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (d) the date on which the factual predicate of the claim presented could have been discovered by exercise of due diligence. 28 U.S.C. § 2244(d)(1); *Balsewicz v. Kingston*, 425 F.3d 1029, 1031-32 (7th Cir. 2005). This limitations period is tolled, however, during the period in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

### DISCUSSION

Hardy argues that Key's petition should be dismissed as untimely because Key submitted it nearly ten months after the expiration of the limitations period. Key's petition was due one year from the day his judgment became final. 28 U.S.C. § 2244(d)(1)(A). On direct review, the Illinois Appellate Court affirmed Key's conviction on January 31, 2005. Key did not file a PLA with the Illinois Supreme Court and, therefore, his conviction became final at the expiration of time for direct review of his conviction on February 21, 2005. *Id*; *see also* Illinois Supreme Court Rule 315(b)

(2005) (amended 2006).[3] Key submitted his Illinois post-conviction petition 267 days later, on November 15, 2005. At that point, the statute of limitations on his habeas petition was tolled and remained so until the Illinois Supreme Court denied Key's PLA on September 30, 2009. *See* 28 U.S.C. § 2244(d)(2). The limitations period on Key's habeas petition resumed on October 1, 2009. The filing of a valid state post-conviction petition does not restart the AEDPA filing period, so Key had 98 days, or until January 7, 2010, to file a federal habeas petition under the statute. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). He did not file his petition until 10 months after the deadline had passed.

Key did not file his petition for a writ of habeas corpus within the statute of limitations. We therefore dismiss his petition as untimely.

---

[3] In February 2005, Illinois Supreme Court Rule 315(b) provided that a petitioner seeking Illinois Supreme Court review of an appellate court decision had 21 days from the date of the appellate court's judgment to file a PLA. Rule 315(b) also stated that a petitioner who filed an affidavit of intent to file a PLA within 21 days of the appellate court decision would receive thirty-five days to file a PLA with the Illinois Supreme Court. Key did not file an affidavit of intent with the Illinois Supreme Court, so the time for direct review of his conviction expired 21 days after the Illinois Appellate Court's opinion issued.

## CONCLUSION

Hardy's motion to dismiss is granted. Key's motion for appointment of counsel is denied as moot.

／s／ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   February 25, 2011